```
           FILED              ENTERED
           LODGED             RECEIVED

            APR 1 9 2007      DB

                 AT SEATTLE
         CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
                        DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN THE MATTER OF THE
ARBITRATION BETWEEN

LEONARD BOSACK, SANDY
LERNER, and CARTESIAN
PARTNERS, L.P.,

              Petitioners,

     v.

DAVID C. SOWARD and
& MANAGEMENT COMPANY,

              Respondents.

**CV07-0574** MAT

No.

PETITION TO CONFIRM AND
VACATE ARBITRATION AWARDS
PURSUANT TO 9 U.S.C. §§ 9 AND 10



**07-CV-00574-CMP**

## PETITION

    Petitioners Leonard Bosack, Sandy Lerner, and Cartesian Partners, L.P. (collectively "Petitioners") hereby petition the above-referenced Court for an order (i) confirming Interim Arbitral Award No. 3 dated December 12, 2006, issued by a panel of three arbitrators (the "Panel") in an arbitration governed by the Commercial Arbitration Rules of the American Arbitration Association, and (ii) vacating the Panel's Interim Arbitral Award No. 4 dated January 25, 2007. This Petition is made on the following grounds:

1.     Petitioner Leonard Bosack is domiciled in the state of Washington.

2.     Petitioner Sandy Lerner is domiciled in the state of Virginia.

PETITION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO 9
U.S.C. §§ 9 AND 10 – Page 1

**ORIGINAL**

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

3.     Petitioner Cartesian Partners, L.P., ("Cartesian") is a limited partnership duly organized and existing under the laws of the state of Delaware. The Leonard Bosack Trust is the sole limited partner of Cartesian. The sole trustee of the Leonard Bosack Trust is Leonard Bosack. SLLB, LLC is the sole general partner of Cartesian. SLLB, LLC is a limited liability corporation duly organized and existing under the laws of the state of Delaware. The sole owners of SLLB, LLC are the Leonard Bosack Trust and the Sandy Lerner Trust. The sole trustee of the Sandy Lerner Trust is Sandy Lerner.

4.     Respondent David Soward is domiciled in the state of California.

5.     Respondent & Management Company is a corporation duly organized and existing under the laws of the state of California, with its principal place of business in California.

6.     Because Petitioners seek judgment to confirm an arbitration award of approximately $1.5 million and to vacate an arbitration award of approximately $1 million, and because the total amount at stake in the underlying arbitration is several million dollars, the amount in controversy in this case exceeds $75,000.

7.     Subject matter jurisdiction over this proceeding exists in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and because the amount in controversy exceeds $75,000.

8.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions at issue in the arbitration occurred here and because a substantial part of the property that is the subject of the arbitration was situated here.

9.     The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, applies to this proceeding pursuant to 9 U.S.C. § 2 because the arbitration arises out of contracts evidencing transactions involving interstate commerce.

PETITION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO 9
U.S.C. §§ 9 AND 10 – Page 2

**YARMUTH WILSDON CALFO PLLC**

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

10.     The & Trust, Soward, and & Management Company entered into a Management Agreement dated January 30, 2001. Section 9 of the Management Agreement provides in pertinent part: "In the event of any dispute between the parties concerning any provision in this Agreement, it shall be resolved by arbitration under the rules of the American Arbitration Association."

11.     Until November 2003, Soward was the general partner of Cartesian. Around that time, Bosack attempted to remove Soward as general partner. A set of related disputes arose among the parties concerning Soward's service as investment manager for Bosack and Lerner. One of those disputes concerned Mr. Soward's financial interest in Cartesian.

12.     On February 3, 2004, Mr. Soward filed a demand for arbitration with the American Arbitration Association in San Francisco, California against Petitioners and several additional parties, including: The & Trust; Richard Troiano, as Trustee on behalf of The & Trust; & Capital Partners, L.P.; Leonard Bosack and Bette M. Kruger Foundation; and & Capital, Inc. Soward's demand for arbitration asserted claims for breach of contract and breach of the covenant of good faith and fair dealing; the demand also sought a judicial dissolution of Cartesian and an accounting of his interest in that partnership.

13.     On July 27, 2004, Bosack and Lerner filed a complaint against Respondents in this Court. That matter was assigned case number C04-1664Z. On November 9, 2004, the Court stayed the action, compelling Bosack and Lerner to refer their claims to arbitration pursuant to the arbitration clause in the Management Agreement. Bosack and Lerner subsequently waived their objections to the Panel's jurisdiction and submitted all of their claims to arbitration. As each claim set forth in the complaint has been submitted to arbitration, Bosack and Lerner have concurrently filed a notice of voluntary dismissal of their complaint in matter C04-1664Z pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

14.     Proceedings in the arbitration commenced in November 2004, with hearings beginning in August 2005. In April 2006, Soward amended his pleadings to add claims for

PETITION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO 9
U.S.C. §§ 9 AND 10 – Page 3

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   breach of fiduciary duty and conversion and a request for punitive damages.  Pursuant to the

2   agreement of the parties, the Panel has issued four separate interim awards dealing with

3   discrete claims and issues.  Each of these awards is a final award subject to judicial review.

4   15.   On September 7, 2006, the Panel issued Interim Award No. 1.  Among other

5   things, this award found that Soward remained a limited partner in Cartesian and ordered

6   Respondents and Petitioners to prepare an accounting of Soward's interest in Cartesian within

7   60 days of the award.  The Panel further ordered that once it calculated the value of Soward's

8   interest, Cartesian would have 60 days to pay Soward his capital account.  If Cartesian did so,

9   Soward would cease to be a limited partner in Cartesian upon receipt of payment.  If

10  Cartesian failed to make the payment, the partnership would be dissolved by the Panel.

11  16.   On November 7, 2006, the Panel issued Interim Award No. 2.  This award

12  did not concern the dispute over Cartesian Partners.

13  17.   On December 12, 2006, the Panel issued Interim Award No. 3.  This award

14  reiterated that Soward remained a limited partner in Cartesian.  The award calculated that the

15  value of Soward's capital account in Cartesian as of September 30, 2006 was approximately

16  $1.5 million.  The Panel ordered Cartesian to pay Soward this amount plus interest within 60

17  days, or else Cartesian would be judicially dissolved by the Panel.  The Panel further ordered

18  that once Soward received payment, he would cease to be a limited partner in Cartesian.

19  Cartesian paid the awarded amount, plus interest, two days after the award issued.  As a result

20  of this payment, Cartesian was not dissolved and is still in existence.

21  18.   On January 25, 2007, the Panel issued Interim Award No. 4.  This award

22  adjudicated Soward's claims for breach of fiduciary duty against Bosack and for conversion

23  against Bosack and Lerner.  This award incorporated from Awards Nos. 1 and 3 the Panel's

24  relevant findings concerning Soward's interest in Cartesian.  Nevertheless, in direct

25  contradiction to the incorporated findings of Awards Nos. 1 and 3, the Panel held that

26  Cartesian had been dissolved in November 2003 and that Soward had ceased to be a partner

PETITION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO 9
U.S.C. §§ 9 AND 10 – Page 4

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   in Cartesian at that time.  The Panel further held that, by failing to provide Soward an
2   accounting and distribution of his capital account within a reasonable time of the dissolution
3   of Cartesian in November 2003, Bosack breached his fiduciary duty and Bosack and Lerner
4   converted Soward's assets.

5        19.       In Award No. 4, the Panel awarded Soward approximately $1 million plus
6   interest on his claims for breach of fiduciary duty and conversion.  However, this award of
7   compensatory damages had already been satisfied by Cartesian's payment of approximately
8   $1.5 million to Soward on December 14, 2006 pursuant to Award No. 3.  Bosack and Lerner
9   were not required to pay any additional compensatory damages to Soward as a result of
10  Award No. 4.  Prior to Award No. 4, there had been no finding of tort liability against either
11  Bosack or Lerner.  Thus, the sole effect of Award No. 4 was to subject Bosack and Lerner to
12  potential liability for punitive damages.

13       20.       On April 18, 2007, the Panel issued Hearing Order No. 49.  In this order, the
14  Panel ruled that Soward was entitled to recover punitive damages from both Bosack and
15  Lerner based on the findings of breach of fiduciary duty and conversion in Award No. 4.  The
16  Panel has scheduled additional hearings for May 10 and 12, 2007, after which it will decide
17  the amount of punitive damages it will order Bosack and Lerner to pay Soward.

18       21.       The Panel exceeded its authority in issuing Award No. 4.  By finally and
19  conclusively deciding in Awards Nos. 1 and 3 the issues relating to Soward's interest in
20  Cartesian, the Panel became *functus officio* with respect to those issues and had no authority
21  or jurisdiction to reconsider and change its earlier decisions.  Likewise, Rule 46 of the
22  Commercial Arbitration Rules of the American Arbitration Association prohibited the
23  arbitrators from redetermining the merits of any claim already decided.  Nevertheless, the
24  Panel in Award No. 4 changed its findings with respect to Soward's interest in Cartesian in a
25  manner directly contradicting its findings in Awards Nos. 1 and 3.  In doing so, the Panel
26  exceeded its authority.  Moreover, because Award No. 4 incorporates the Panel's prior

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1 │ findings with respect to Cartesian in Awards Nos. 1 and 3, Award No. 4 is also internally

2 │ incoherent and thus completely irrational.

3 │     22.    Award No. 3 is a final award that must be confirmed by this Court pursuant

4 │ to 9 U.S.C. § 9 because there are no grounds for vacating, modifying, or correcting the award.

5 │     23.    Award No. 4 is a final award that must be vacated by this Court pursuant to

6 │ 9 U.S.C. § 10(a)(4) because the Panel exceeded its authority and/or because the award is

7 │ completely irrational.

8 │     24.    This Petition is timely because it is filed within one year after Award No. 3

9 │ was made and was served upon Respondents within three months after Award No. 4 was

10 │ delivered. *See* 9 U.S.C. §§ 9, 12.

11 │     25.    Petitioners intend to file a notice of motion and motion and memorandum of

12 │ points and authorities in support of this Petition, at which time that motion will be placed on

13 │ the Court's calendar.

14 │ **PRAYER**

15 │ WHEREFORE, Petitioners pray that this Court make an order:

16 │ 1.    Confirming Award No. 3;

17 │ 2.    Vacating Award No. 4; and

18 │ 3.    Providing any further relief that is appropriate.

19 │ DATED this 19th day of April, 2007.

20 │

21 │                     **YARMUTH WILSDON CALFO PLLC**

22 │                     By: _____

23 │                          Richard C. Yarmuth, WSBA No. 4990
                         Jeremy E. Roller, WSBA No. 32021
                    Fourth & Madison

24 │                     925 Fourth Avenue, Suite 2500

25 │                     Seattle, WA 98104
                    Phone: 206.516.3800

26 │                     Fax:    206.516.3888
                    Email: yarmuth@yarmuth.com
                           jroller@yarmuth.com

PETITION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO 9
U.S.C. §§ 9 AND 10 – Page 6

**YARMUTH WILSDON CALFO PLLC**

1

2

*Of Counsel:*

3    Steven L. Smith (*pro hac vice*\*)
     Scott T. Nonaka (*pro hac vice*\*)
4    **O'MELVENY & MYERS LLP**
     275 Battery Street, Suite 2600
5    San Francisco, CA  94111
     Phone: 415.984.8700
6    Fax:    415.984.8701
     Email: ssmith@omm.com
7             snonaka@omm.com

8    Attorneys for Petitioners Leonard Bosack,
     Sandy Lerner, and Cartesian Partners, L.P.
9
     \* *Pro hac vice* applications to be filed
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888