UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>LEONARD BOSACK, SANDY LERNER, and CARTESIAN PARTNERS, L.P.,<br><br>Petitioners,<br><br>v.<br><br>DAVID C. SOWARD and MANAGEMENT COMPANY,<br><br>Respondents. | No. C07-574Z<br><br>ORDER |

In a Minute Order entered March 4, 2008, docket no. 71, the Court construed the "Comments of David C. Soward on Proposed Form of Judgment Confirming Arbitration Award," docket n. 70, as a motion for reconsideration of the Court's Order, docket no. 68, at 18, denying post-award pre-judgment interest. The Court requested briefing pursuant to Local Rule CR 7(h)(3). Having considered the briefs in support of, and in opposition to, the motion for reconsideration at docket nos. 70, 72, and 73, the Court now enters the following Order granting Soward's motion for reconsideration, docket no. 70.

ORDER 1–

Respondent David C. Soward[1] seeks post-award, pre-judgment interest pursuant to California Civil Code section 3287, subsection (a), which provides, in pertinent part: "Every person who is entitled to recover damages certain, . . . and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day [with certain exceptions not relevant here]." "[A] successful party to an arbitration is entitled to 'recover damages certain' under California Civil Code section 3287, subdivision (a) on the date the arbitrator renders his award." Pierotti v. Torian, 81 Cal.App.4th 17, 27 (2000) (citing Britz, Inc. v. Alfa-Laval Food & Dairy Co., 34 Cal.App.4th 1085, 1106 (1995) (quoting Cal. Civ. Code § 3287(a)). "The arbitration award itself results in a new and fixed liability." Id. (quoting Britz, 34 Cal.App.4th at 1107). The arbitration award did not become final until July 27, 2007. Post-award, pre-judgment interest is "mandatory" under California law. Pierotti, 81 Cal.App.4th at 28.

Although Soward failed to move for post-award, pre-judgment interest in his motion to confirm the arbitration award, docket no. 52, Petitioners have now had an adequate opportunity to respond on the merits of the issue, and the Court will not deny such interest on procedural grounds.[2] It is undisputed that Soward's Petition to Confirm Contractual Arbitration Award requested post-award, pre-judgment interest at the California statutory rate of ten percent per annum from the July 27, 2007 date of entry of the Final Award. Docket no. 70, Ex. A (Petition) at 3, ¶ 10(d).

Although the arbitrators were careful to indicate in the Final Award whether and to what extent they were granting pre-judgment interest on the various awards, it appears that they only considered and awarded *pre-award*, pre-judgment interest. There is no evidence in the record that the arbitrators considered and rejected *post-award*, pre-judgment interest.

---

[1] Respondent & Management Company has not moved for post-award, pre-judgment interest.

[2] The Court similarly rejects Petitioners' procedural argument that Soward did not properly label his motion for reconsideration as such.

ORDER  2–

Petitioners argue that pre-judgment interest cannot be awarded on punitive damages. See Lakin v. Watkins Associated Indus., 6 Cal.4th 644, 663-644 (1993). Lakin, however, held that California Civil Code "section 3291 does not authorize the award of prejudgment interest on punitive damages" because it "limit[s] prejudgment interest to 'damages for personal injury.'" Lakin, 6 Cal.4th at 664 (quoting Cal. Civ. Code § 3291). In the present case, Soward is relying upon California Civil Code section 3287, subsection (a), not section 3291. Although the California Supreme Court in Lakin discusses one purpose of section 3287, and of prejudgment interest in general, as being "to provide just compensation to the injured party for loss of use of the award during the prejudgment period," that statement does not preclude an award of post-award, pre-judgment interest under section 3287, subdivision (a) on an arbitration award including a punitive damages component. Indeed, California courts after Lakin have awarded post-award, pre-judgment interest under section 3287, subsection (a) on an arbitration award including a punitive damages component. See, e.g., Pierotti, 81 Cal.App.4th at 27-28. Lakin is further distinguished from the present case because it is not an arbitration case, whereas Pierotti is a case involving the confirmation of an arbitration award.

Petitioners have not opposed the application of California law to determine the rate of post-award, pre-judgment interest. Petitioners have also not opposed the specific per diem amounts of post-award, pre-judgment interest requested by Soward.

The Court GRANTS Soward's motion for reconsideration, docket no. 70. Accordingly, the Court AWARDS Soward post-award, pre-judgment interest at the rate of $3,013.56 per diem as to Bosack, $2,343.88 per diem as to Lerner, and $1,124.90 per diem as to all Petitioners, for each day from July 27, 2007, through the date of entry of the Judgment.

The Clerk is directed to enter a Judgment in this matter in accordance with the Court's Order, docket no. 68, as amended by this Order awarding post-award, pre-judgment interest.

ORDER  3–

IT IS SO ORDERED.

DATED this 17th day of March, 2008.

                                                    */s/ Thomas S. Zilly*
                                                    Thomas S. Zilly
                                                    United States District Judge

ORDER  4–